IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BOBBY BOWMAN**                                                                                                                                  **PLAINTIFF**

V.                             No.  2:10-CV-02016-RTD

**RAY HOBBS, Interim Director**
**Arkansas Department of Correction**                                                                          **DEFENDANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2241 (Doc. 1 ) filed January 29, 2010.  The Defendant  filed a Response (Doc. 9) on March 11, 2010.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background:

Bowman pleaded guilty to one count of rape in the Circuit Court of Franklin County, Arkansas, on July 18, 2005, and the judgment and commitment order reflecting his conviction was filed of record the following day (Doc. 9-1).  Bowman was sentenced to 18 years in the Arkansas Department of Correction (Doc. 9-2). He filed this federal habeas petition (Doc. 1) on January 29, 2010.

### II.  Discussion

The Plaintiff contends in his Petition that he received Ineffective Assistance of Counsel and that he was Denied Due Process (Doc. 1, p. 2-3). His claims stem from the allegation that he was tried and convicted at a bench trial and that after he was sentenced he was not informed of his right to an appeal. (Id., p. 2).

The Plaintiff's assertions are not supported by the facts. The typed Judgment, which was prepared on July 18, 2005, states that the Plaintiff did appear for trial on July 18, 2005 on the charge of Rape but that the "defendant changed his plea to guilty" (Doc. 9-2). This document was signed by the Plaintiff on July 18, 2005 in which he acknowledged "receipt of a copy of this judgment and acknowledge the conditions set out herein, and understand the consequences of violating said condition" (Id., p. 2). The State of Arkansas form Judgment and Commitment Order (Doc. 91) also notes that the "Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty or nolo contendere." (Id., p. 1)

Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief. *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State* 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004). *See also Wiggins v. Lockhart*, 825 F.2d 1237 (C.A. 8, 1987). The Plaintiff's conclusory allegation that he was convicted at a bench trial is not supported by the facts. It is clear that the Plaintiff's case was set for trial on July 18, 2005 and that he waived his right to a trial and entered a negotiated plea of guilty. Under Arkansas law when the Plaintiff entered a plea of guilty he waives his right to appeal. *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1. In light of the above the Plaintiff's Petition is barred by the Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period in this case commenced on July 19, 2005 (reflecting the dates Bowman's unconditional plea was entered of record); see also 2244(d)(1)(A) (defining the start of the limitations period as the date the

judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review); Ark. R. App. Proc.-Crim. 1(a) (disallowing direct appeal from an unconditional guilty plea). Bowman's federal habeas petition was therefore due no later than July 19, 2006. It was not filed until January 29, 2010. The entire petition is barred by the statute of limitations.

### III.  Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice because the Petition is barred by the statute of limitations.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED March 31, 2010.

/s/ *J. Marschewski*
HON.  JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE